**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5187**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CLARO GUTIERREZ GONZALEZ, a/k/a Sotero Cabrera Estrada,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge.  (5:11-cr-00206-FL-2)

Submitted:  September 25, 2012     Decided:  October 5, 2012

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North
Carolina, for Appellant.   Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claro Gutierrez Gonzalez pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006), and unlawfully reentering the United States after removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Gonzalez to seventy-eight months in prison. On appeal, counsel for Gonzalez filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning the effectiveness of defense counsel's assistance in permitting Gonzalez to enter his guilty plea. Gonzalez filed a pro se supplemental brief repeating the claim raised by counsel and complaining that trial counsel failed to provide copies of transcripts, to object to the presentence report, to seek a downward adjustment for his role in the offense, or to seek a departure based on the disparity between sentencing in fast-track[*] and non-fast-track jurisdictions. We affirm.

---

[*] The fast-track program allows federal prosecutors to offer shorter sentences to defendants who plead guilty at an early stage in the prosecution and agree to waive appeal and other rights. See U.S. Sentencing Guidelines Manual § 5K3.1, p.s. (2011).

2

Although Gonzalez asserts that counsel allowed him to enter an involuntary guilty plea, our review of the record leads us to conclude Gonzalez's plea was knowing and voluntary and supported by an adequate factual basis. Thus, the record does not conclusively establish any deficient performance of counsel in this regard. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard); United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Nor does the record conclusively establish counsel's ineffectiveness with regard to the claims raised in Gonzalez's pro se brief. We therefore conclude none of the ineffective assistance claims is cognizable on direct appeal. Rather, to permit adequate development of the record, Gonzales must pursue such claims, if at all, in an appropriate proceeding for post-conviction relief. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gonzalez, in writing, of the right to petition the Supreme Court of the United States for further review. If Gonzalez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Gonzalez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>